(38 South. 409.)

No. 15,419.

ROMANO v. SEIDEL FURNITURE MFG. CO.*

(March 13, 1905.)

### NEGLIGENCE—EVIDENCE.

1. Where plaintiff sued for damages for personal injuries to his son, 10 years old, alleged to have been occasioned by the fall of lumber carelessly and negligently piled in the street contrary to city ordinance, the burden of proof was on him to show that the injuries complained of were occasioned by the alleged causes; and in such a case, where the evidence is confused and conflicting as to the cause of the accident, and there is evidence tending to show that the boy may have jumped or fallen from the pile, the judgment of the district court in favor of defendant will not be disturbed.

2. Attention is called to State v. Williams, 35 South. 505, 111 La. 179, relative to disqualification of witnesses on ground of lack of understanding of nature of an oath. See Act No. 29, p. 39, of 1886; Civ. Code, art. 2281.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by George Henry Romano against the Seidel Furniture Manufacturing Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Julian Bernard Habans (Robert John Maloney, of counsel), for appellant. William Stirling Parkerson, for appellee.

LAND, J. Plaintiff sued to recover damages for personal injuries to his minor son, alleged to have been the consequence of defendant's negligence in carelessly piling lumber in the street, contrary to prohibitory ordinances.

The accident and its cause are set forth in plaintiff's petition as follows:

"That on the 9th day of August, 1903, between the hours of 8 and 9 o'clock in the evening, while petitioner's son was proceeding to his home on Barracks and Bourborn streets, and while walking on the sidewalk in Barracks

---

*Rehearing denied April 10, 1905.

street between Charters and Decatur street, and immediately in front of the plant of the Seidel Furniture Manufacturing Company, a large pile of timber, the property of the Seidel Furniture Manufacturing Company, which had been carelessly or negligently piled near the sidewalk, fell on petitioner's son, and broke his left leg, sprained his right ankle, as well as inflicting other serious bodily injuries."

Defendant, for answer, pleaded the general issue, and the cause was tried before the district judge without the intervention of a jury. From a judgment in favor of the defendant, plaintiff has appealed.

The boy alleged to have been injured was 10 years of age. He was offered, but not sworn, as a witness, "because he was unable to understand the nature of an oath or otherwise qualify himself as a witness in his [own] behalf."

We quote from plaintiff's brief, which contains the further statement:

"We took a bill of exceptions to the ruling of the court, but we think, after reflection, that the judge ruled properly, and that the record discloses ample reason for his action."

We are not called upon to revise the ruling of the court below, but as a matter of practice refer to the case of State v. Williams, 111 La. 179, 35 South. 505, as to the disqualification of a witness for lack of information or faith concerning a future state of rewards and punishments. The decision in that case refers to the provisions of Act No. 29, p. 39, of 1886, relative to criminal cases, but they are identical with those of article 2281 of the Civil Code, relating to the competency of witnesses in civil matters.

There is no doubt that the boy met with an accident at or near two piles of timber belonging to the defendant, which were in the street and partly on the sidewalk at the time. The boy's right leg was fractured and his left foot was sprained. These were all the injuries testified to by the attending physician, who said that the same might have been caused by a fall from any height, or by something falling on the limb, or by his running against some object.

It is not shown that the lumber was carelessly and negligently piled, and none of it fell except three pieces which were found on the sidewalk immediately after the accident. These pieces probably came from the top of the pile, but the evidence does not show where or how they became detached therefrom. It is difficult to conceive that these three pieces, without assignable cause, fell on plaintiff's son as he was passing. The evidence shows that on the evening in question boys were playing on top of the piles of lumber, and a reasonable inference is that this was the cause of the detachment of the three pieces referred to. The evidence does not suggest any other probable cause. The four principal witnesses for plaintiff, all of a low degree of intelligence, commence with the statement that when they reached the scene lumber was piled upon the boy. But three of these witnesses admit that they saw no lumber on the boy, and thus negative the testimony of the only witness who persisted that the child was under pieces of lumber so weighty that it required the strength of a man to remove them. The testimony of the four witnesses may be epitomized as follows: Olympe Lele, 14 years old, and an aunt of the boy, testified that he was walking along about half a block in front of her; that she heard his screams, and when she reached the spot saw "lumber piled on him"; that she and the children with her could not raise the pieces, and that a gentleman moved the lumber and carried the boy to his home. The man referred to took the stand, and testified that he knew the boy, heard him cry out, found him "under the wood," and carried him home. This witness destroyed his statement that the boy was "under the wood" by admitting that when he first saw the child he was sitting on a round pipe, and by the further admission that the witness saw no lumber on the sidewalk.

Joe Favarola, aged 12, testified that he

heard some one screaming, saw a man taking up "logs," but did not see the boy under the lumber. This witness further stated that he saw about three pieces of lumber on the sidewalk, and that a big boy took the injured child home. Mrs. Movarana commenced by testifying that she saw a man take the child "from under the timber," but proceeded to state that she did not see the child under the lumber, but saw when they raised him up, and that there were three pieces of lumber on the sidewalk.

Three witnesses for the defendant testified that on the evening in question they saw boys playing on the piles of lumber. One of these witnesses stated that she said to the children, "Take care, you are going to fall;" and another testified as follows: "I saw boys playing on pile of lumber Sunday evening. They were running and jumping from one pile to the other. I was passing when the boy fell off the lumber pile." This witness did not identify the boy as the son of the plaintiff.

We have not been favored with a written opinion from the trial judge showing what were his findings of fact in this case, but, as he rendered judgment in favor of the defendant, we must assume that he found that plaintiff had failed to prove the allegations of his petition.

We are not prepared to say that the conclusion of the trial judge on the issue of fact presented for his determination is manifestly erroneous. The testimony of the four witnesses for plaintiff already referred to is so confused, contradictory, and self-destructive that it is entitled to little or no consideration.

The burden of proof was on plaintiff to prove the allegations of his petition with reasonable certainty. How the child was injured is a matter of conjecture. It is proved that boys were playing on the piles of lumber on the evening in question, and a witness for defendant stated that one of them fell to the ground. It is more probable that the son of the plaintiff jumped or fell from the top of one of the piles than that several pieces of lumber, without assignable cause, fell on him as he was walking along the sidewalk, and broke his leg just above the ankle. Courts cannot mulct a defendant in damages on mere conjectures or possibilities.

Conceding that defendant had no right to obstruct any portion of the street for the temporary deposit of its lumber, however carefully piled, still plaintiff cannot recover without proving with a reasonable degree of certainty that the piling of such lumber in the street was the direct and proximate cause of the injuries complained of. If plaintiff had proven that the lumber fell on the boy while passing, or gave away while he was standing or climbing upon it, the authorities cited by him would be applicable.

Judgment affirmed.