AINSWORTH, Appellant, v. MURPHY

---

(July 5, · 1926.   Opinion and Decree.)
(Aug. 2, 1926.   Rehearing Refused.)

---

*(Syllabus by the Court.)*

1.  **Louisiana Digest—Negligence—Par. 29.**

A boy ten years old is capable of contributory negligence.

2.  **Louisiana Digest—Negligence—Par. 25, 29.**

The manager of a carrousel cannot be made liable for injury received when the cause of it is the violation by plaintiff of a printed notice warning patrons not to get upon the flying horses while in motion.

Appeal from Civil District Court.   Hon. Porter Parker, Judge.

Action by Harold Ainsworth against B. A. Murphy.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

D. V. Dusson, L. R. Alba, of New Orleans, attorneys for plaintiff, appellant.

Fred C. Marx, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.   Plaintiff was hurt while riding in a carrousel.   Hence this suit.

The plaintiff alleged that his son Harold was born on June 29, 1914; that on October 19, 1924, his son boarded a carrousel owned and operated by the defendant in the Audubon Park; that due to a defect in the mechanical arrangement of the flying horse in which he attempted to ride he had the bones of his left heel broken; that the accident happened in the following manner:   That in order to mount the flying horse on which he attempted to ride and down, in imitation of a living animal, he placed his left foot upon the iron step or projection provided for that purpose, which is attached to the top of the lower stationary upright stanchion through which the upper movable vertical rod upon which rests the horse work up and down; that there is also screwed to the upper movable rod another iron step just above the lower stationary one, which may be used as a step to ascend upon the horse when stationary, or as a foot rest or stirrup while riding the horse in motion; that while his foot was upon the lower step, the upper movable step came down and crushed his heel; that the child suffered intense pain; that his foot was placed in a cast for a month, and afterwards in a brace which he is still using; that he was not able to attend school for two months; that he will remain lame for all his life; that this accident was caused by the fault of B. A. Murphy in not fixing the mechanical arrangement of said horse in such wise that when the horse came down there would have been ample room between the said two steps for the foot of a child to

rest when ascending the horse without being pressed, bruised, or crushed, and all the bones thereof broken, and that such arrangement could easily have been made. Plaintiff claimed $5000.

In a supplemental petition the plaintiff alleged that his minor son "boarded said carrousel while the same was not in motion, * * * that following thereafter when the said carrousel had begun to move he concluded to ride the flying horse", or the horse that moves up and down.

The defendant admitted that he operated the carrousel, but denied all the other allegations of the petition. He specially averred "that there is more than sufficient room between the upper and lower steps on the said stanchions so as to avoid the heel or front part of the foot from being hurt during the riding on said horses; that he has been operating said carrousel for many years and that the same has been at Audubon Park for many years, and that he has never had any accident occurring during that time to any of his patrons and has never heard of a similar accident". He specially averred "that the said Harold Ainsworth boarded said carrousel while the same was stopped, and attempted to mount the horse while the carrousel was in motion, and that if he was injured while riding on said carrousel, which is specially denied, the said injuries were caused by his own carelessness and negligence and not by any defect in the said carrousel or negligence on the part of respondent, his servants, agents or employees".

There was judgment in favor of defendant rejecting plaintiff's claim at his cost.

The plaintiff has appealed.

In order to succeed plaintiff must show some negligence on the part of the defendant.

The defendant testified that he had been operating carrousels for 35 years, 22 of those years in the Audubon Park; that he had never heard of an accident similar to this one.

The plaintiff's father testified that he visited the Audubon Park on the morning after the accident and examined the horses on the carrousel; that he noticed that while the distance between the two steps or stirrups was in general four inches, that in some three or four instances the collar of the upper step had worked down so as to reduce the distance to one and a half inches; that he visited the carrousel a second and a third time, and he noticed that those collars had been moved up, and that he had called the attention of Mr. Peters to that; they had all been adjusted except one; he says: "The rest of them them were all up a good safe distance."

Mr. Henry Peters is connected with the carrousel; he says he measured the distance between the two steps and it is all about four inches, none of them less; that there has been no change in the mechanical device of the carrousel since October 19th, nor have any of the steps or stirrups been moved in any way, not one; and that the plaintiff's father did not point out to him several stirrups that came down too low.

Peters is corroborated in his statement by the defendant himself.

No other defect is charged in the machinery or in the management, and we must hold that plaintiff has failed to establish his allegation. Jones vs. Jahncke, 3 La. App. 270.

The defendant has charged the plaintiff with contributory negligence. We have seen that the child was ten years of age at the time of the accident. In the case

of Lynch vs. Knoop, 118 La. 618, the court said:

"We have seen that she was eight years old and old enough to fall within the rule of contributory negligence. Westerfield vs. Lewis, 43 A. 63, 9 South. 52. The child was *sui juris* as relates to negligence and the condition under which she met with the accident." Downey vs. Baton Rouge Elec. & Gas Co., 122 La. 481, 47 South. 837; Cusimano vs. City of New Orleans, 123 La. 565, 49 South. 195.

The evidence is that the plaintiff went upon the platform of the carrousel while it was stationary and from there mounted a flying horse or one. that goes up and down; a boy friend sat upon a horse next to him; after the carrousel was set in motion the plaintiff expressed the desire to exchange horse with his friend; he got down from his horse, but his friend refused to exchange; thereupon plaintiff attempted to remount his horse, all during the whirling of the carrousel; to that end he put his foot upon the lower stationary step, and while his foot rested there, the movable ascending and descending step above came down in the ordinary working of the machinery and hurt his foot. He read a notice in the carrousel which said: "Do not get on the flying horse while it is in motion".

It is perfectly evident that it was the negligence of the plaintiff in failing to observe that notice that brought about his accident. While the carrousel was stationary the upper rod that supported the horse was itself stationary and so was the step upon the side of it. The rod and the step moved only when the carrousel moved. Therefore there was no danger in the use of the lower step by any one while the carrousel was stationary. It was only when the carrousel was put in motion that the upper step moved up and down with the rod that moved the horses.

The plaintiff therefore brought his injury upon himself and he cannot recover. See Ramano vs. Seidel, 114 La. 432, 38 South. 409; Lopez vs. Sahuque, 114 La. 1004, 38 South 810; Lynch vs. Knoop, 118 La. 611, 43 South. 252; Cusimano vs. City of New Orleans, 123 La. 565, 49 South. 195.