WILLIAMS v. LYKES BROS. S. S. CO.

(December 16, 1929.  Opinion and Decree.)

Scott E. Beer and Walter M. Barnett, Jr., of New Orleans, attorneys for plaintiff, appellant.

John C. Hollingsworth and Thomas J. Dobbins, and Lloyd A. Ray, of New Orleans, attorneys for defendant, appellee.

JANVIER, J.  Plaintiff, a river front laborer, was injured while at work by being run over by an automobile truck owned by defendant and operated by one of its employés within the scope of his employment.

At the time of the injury, plaintiff was manipulating a small hand truck across the roadway which parallels the sheds of the docks on the bank of the river.

Plaintiff claims that he was pushing the hand truck, and defendant's witnesses contend that he was walking backwards and pulling it.  Since it was his right foot which was injured, his counsel claims that he must have been pushing the hand

truck, as otherwise his left side would have been towards the autotruck and his left leg instead of his right would have received the injury. But if he was pushing the hand truck, manifestly it was in front of him, and it would have been struck by the autotruck. The evidence convinces us that the hand truck was not struck at all. Therefore it necessarily follows that Williams must have been pulling it with his back in the direction in which he was moving. This physical fact would not of itself be sufficient to convince us that he was pulling the truck instead of pushing it, but, in connection with the testimony of defendant's witnesses, it causes the evidence to preponderate in favor of defendant's contention. It is quite evident, from a reading of the record, that Williams emerged from between the two other automobile trucks when defendant's truck was immediately upon him, and that there was therefore no time for its driver to stop, and that the doctrine of the last clear chance is not applicable.

Defendant's witnesses state that Williams suddenly backed into the autotruck, and we are convinced that that is what happened.

That his right foot was injured resulted from the fact that that foot was the one which was thrust forward just as the truck passed.

Only a question of fact is involved, and we cannot say that the trial court was manifestly erroneous in its finding that defendant was not liable. On the contrary, the evidence well convinces us that the fault lay entirely with plaintiff himself.

The judgment appealed from is therefore affirmed.