PERRET v. GERACI

(December 1, 1930.   Opinion and Decree.)
(January 5, 1931.   Rehearing Refused.)

John J. Wingrave, of New Orleans, attorney for plaintiff, appellant.

I. F. Williams, of New Orleans, attorney for defendant, appellee.

JANVIER, J.   Plaintiff, a longshoreman employed in the Robin street wharf on the river front in New Orleans, after completing his day's work was on his way from the wharf to board a street car, when he sustained the injuries for which he now seeks remuneration.

As is no doubt well known, the various sheds at the port of New Orleans extend along the left descending bank of the river, and on the city side of the sheds there is a paved roadway which parallels the river.

In the side of each shed nearest the roadway are numerous large doorways, in each of which there is a metal curtain which may be lowered so as to enclose the wharf space within the shed, or raised to permit passage of pedestrians or vehicles to and from the shed.  Most of these curtains are normally kept closed, but it is customary to permit some of them to remain raised for ingress and egress of traffic.

As plaintiff passed through one of these openings to make his way across the roadway, there was, immediately to his right, a parked automobile facing him.  This car was standing parallel to the shed and at a distance of about three or four feet from it.

After crossing in front of this parked car, plaintiff continued for a distance of some three or four feet, when he came into violent contact with another automobile driven by defendant, and which had approached from his right; that is to say, from the direction in which the parked automobile, to some extent, obstructed his view of the approaching car, and likewise prevented defendant from obtaining a clear view of plaintiff.

It is charged that defendant approached at too rapid a speed; that he failed to sound any warning of his approach, and that he was not on the proper side of the road.

These charges of negligence are denied by defendant, who claims that the accident resulted from the carelessness of plaintiff himself in stepping out into the roadway without looking.

The judge, a quo, dismissed plaintiff's suit, apparently satisfied that he was, to say the least, guilty of contributory negligence.

The evidence leaves no doubt whatever that plaintiff at no time looked into the direction from which defendant was approaching. He admits that he had not yet looked in that direction at the time of the accident and he also admits that he knew that, on the roadway, vehicles were permitted to be operated in both directions.

There is a sharp dispute as to whether the horn was blown and as to the speed of the approaching car. This controversy the trial court seems to have determined adversely to plaintiff and the evidence justifies such a conclusion. Certainly the speed of the automobile was not so extraordinary as to have made it impossible for plaintiff to have become aware of its approach, had he taken the proper precautions. That defendant's car may not have been approaching on the proper side of the roadway is of no great importance, since, even if it were negligence to drive anywhere except along the right side of a road, which is manifestly not so, still, plaintiff's contributory negligence in stepping into the roadway without looking would bar his recovery. Bass v. Means et al., 12 La. App. 260, 124 So. 553; Ne-

ville v. Postal Telegraph-Cable Co., 13 La. App. 76, 126 So. 720.

Nor can the doctrine of the last clear chance afford relief, since the evidence makes it certain that there was no time, after discovery of the peril, for defendant to stop his car, or to otherwise avoid the accident. Williams v. Lykes Bros. Steamship Co., 12 La. App. 127, 125 So. 153.

The judgment appealed from is affirmed.