No. 4099

Second Circuit

(Second Division)

———

## VERGO v. SHREVEPORT RYS. CO.

———

(February 16, 1932. Opinion and Decree.)
(March 16, 1932. Rehearing Refused.)

———

Cook & Cook and C. D. Egan, of Shreveport, attorneys for plaintiff, appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellee.

DREW, J.  Plaintiff, Joe Vergo, for himself and for the use of his minor son, Bastiano Vergo, ten years of age, instituted this suit against the Shreveport Railways Company to recover the sum of $42,500 damages, caused by an accident occurring on April 21, 1930, about 4 o'clock in the afternoon, on Texas avenue in the city of Shreveport, near the intersection of Division avenue, in which accident plaintiff's minor son lost his right leg.

It is admitted that the child started across Texas avenue at a point between Allen and Division avenue, and either the child was struck by a passing automobile or else a satchel of books which he was carrying in his hand was struck by the automobile and, as the result of coming in contact with the automobile, he was thrown or knocked onto the street car track in front of an approaching street car.  It is admitted that the street car passed over the child or dragged the child, and so damaged his leg as to necessitate its amputation, also causing some injury to the hip and bruising the body.  Plaintiff charges the following acts of negligence on the part of defendant:

1. That the street car was being operated at an excessive rate of speed and in excess of ten miles per hour, in violation of a city ordinance;

2. Failure to stop the car after the child fell on the track, by failing to apply the brakes;

3. Failure of the motorman to keep a proper lookout; and

4. Failure to have the street car equipped with fender or life-saving device of the most approved design, and failure to drop the fender or trap that the car carried.

Defendant denied the acts of negligence charged to it by plaintiff, and alleged that the negligence or fault of the said Bastiano Vergo, or others over whom defendant had no control, was the proximate or sole cause of the accident, in said Bastiano Vergo attempting to cross the street at a place other than an intersection in close proximity to an approaching automobile without taking proper precaution to ascertain the approach of said automobile, and in going onto said street when the automobile was in such close proximity as to strike him, resulting in his being thrown or knocked to the pavement, with his leg across the track of the defendant company, so close to the approaching street car that it was impossible to stop the same in time to avoid the said accident; which negligence bars plaintiff's recovery herein.

In the alternative, it pleaded the contributory negligence of Bastiano Vergo, as above alleged, as a bar to recovery.

The case was tried before a jury in the lower court, resulting in a verdict for defendant, the jury standing ten to two, which judgment was signed by the trial judge and plaintiff has prosecuted this appeal.

The fourth charge of negligence, that the car was not equipped with proper fender or trap and that same was not lowered, has been abandoned and the same is not urged in this court in argument or brief.

The third charge of negligence, that the motorman failed to keep a proper lookout, fails for want of proof. There is no testimony to show that he was not keeping a proper lookout, and the motorman testified that he saw the child before or about the time the automobile struck him and knocked him onto the track, and until the street car struck him.

The second charge of negligence, that the brakes were not applied as soon as they should have been, likewise fails as the preponderance of testimony is that the brakes were applied almost at the instant the child was struck by the automobile and as soon as it could be seen that he was going to be thrown on the car track. Therefore, the only charge of negligence left is that the car was being operated at an excessive rate of speed and in excess of ten miles per hour, in violation of a city ordinance.

The city ordinance provides that a street car shall not be operated in the business section of the city at a greater rate of speed than ten miles per hour. The evidence is that the accident occurred in the business section of the city; therefore, the speed of the street car allowed by law at the place of the accident was ten miles per hour. Plaintiff contends that even ten miles per hour was excessive, due to the congested traffic at that time of day and also the congested traffic, due to a street carnival in operation on a vacant lot just opposite the scene of the accident. This contention is without force as the record discloses without contradiction that the street carnival was not in operation at that time of day and also at the time of the accident there were not more than two cars in motion in that block of the street, and the only person in the street was the unfortunate Bastiano Vergo. Numerous

witnesses as to the speed of the car vary from eight to twenty miles per hour. However, the majority of the witnesses place the speed of the car at from ten to twelve miles, or twelve to fifteen miles per hour. It is difficult for any of them to fix the speed other than to say that it was traveling at an ordinary rate of speed, and to fix it in miles per hour was only to hazard a guess as no witness claimed to be an expert at fixing the speed of the street car. The two witnesses best qualified to fix the speed of the car were the motorman and conductor, who knew their schedule and rode the car daily, and both of these witnesses say the car was making from ten to twelve miles per hour, and for what it is worth, were corroborated by other witnesses, and we feel safe in accepting their testimony in regard to the speed of the car, which would make the car at the time of the accident exceed the speed limit as fixed by ordinance of the city of Shreveport. Therefore, the negligence charged to defendant by plaintiff of exceeding the speed limit of ten miles per hour, we think, is sustained by the evidence, but it was not the proximate cause of the accident. If the street car had been making only eight miles per hour, the accident could not have been avoided by the defendant's employees.

The uncontradicted testimony is that the boy, Bastiano Vergo, in an attempt to cross the street at a place other than an intersection, ran out between two parked automobiles, directly in the path of the only automobile moving at that time in that particular block of Texas avenue. That the automobile struck him and knocked him onto the track of the defendant company, directly in front of an oncoming street car. The distance the street car was from him at the time he fell on the track, according to the witnesses, varies from five feet to sixty feet, but the great preponderance of testimony is that it was not more than twenty feet, and certainly too close to the car for it to have been stopped, had it been making much less than speed limit. A number of plaintiff's witnesses placed the distance at from twelve to twenty feet and stated that it was too close to the car for the motorman to have had time to stop the car. Several witnesses testified that they turned their heads upon seeing the boy thrown onto the track, to prevent them from seeing him run over.

At the time plaintiff filed this suit, he undoubtedly thought the distance was not more than twenty or twenty-five feet in front of the car, as he so alleged. The testimony shows that the boy was not unconscious at any time, and also shows that he attempted to remove himself from the track, and the only reason he did not remove himself from the track was because the car was too close to him and he did not have time to do more than raise up on his elbows.

Bastiano Vergo's father testified that he had repeatedly warned him of the danger of crossing the street other than at an intersection, and Bastiano testified that he knew the danger of attempting such a crossing of the street. He was in his eleventh year, born in this country, and had attended school for four years, making a grade every year. He was capable of knowing what he was doing and must be held responsible for his acts of negligence. His negligence in running out into the street in front of an automobile which struck him and threw him onto the track in front of the moving street car, too close to the car for the motorman to have time to stop the car, was the proximate cause of the accident and the speed of the car was not the proximate cause of it.

The uncontradicted testimony of an expert on stopping street cars at different speeds is that a car, moving ten miles per hour, when suddenly confronted with an emergency cannot be brought to a stop in a less distance than 58 feet. This testimony is uncontradicted and the court, not being experts in this line, necessarily in this case accepts it as true.

The last clear chance doctrine urged by plaintiff has no application in this case. Hayes v. Gunter Bros., 14 La. App. 402, 129 So. 401; Collier v. Frank Varino & Co., 153 La. 636, 96 So. 500.

Plaintiff contends that although the defendant was not liable for the accident, due to the fact that its street car was exceeding the speed limit by one or two miles per hour, the child was dragged a distance of possibly 15 to 20 feet farther than it would have been had the car been traveling within the speed limit, and that the defendant is therefore liable for the additional injuries caused to the child by dragging it this extra distance, and cites in support of this contention the case of Pilsbury v. O'Keefe, Receiver, et al., 1 La. App. 493. The case cited has no application here for the reason that there is no proof that the child received any additional injuries after the initial accident. In the Pilsbury case, it was conclusively proved that the child's hip was injured after the car had stopped, due to the negligence of the motorman in backing the car over it again, against the instructions of the conductor.

The contributory negligence of Bastiano Vergo was the proximate cause of the accident and bars his recovery in this case. It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.