**GALLOWAY et ux. v. TEXAS CONST. CO.**

**No. 1232.**

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

104

M. J. Allen, of Amite, for appellants.

Alvin R. Christovich, of New Orleans, and Harvey E. Ellis and Frank B. Ellis, both of Covington, for appellee.

MOUTON, Judge.

The following judgment was rendered by the district judge:

"The plaintiffs sue in their own interest and on behalf of their two minor children, Sophio and Edward Galloway, for damages alleged to have been sustained by reason of the serious injury of the two children from an explosion of a paint drum placed in the yard of the plaintiff, Mrs. Emma J. Galloway, by the employees of defendant company, without the knowledge and consent of the plaintiff, and which drum it is alleged contained some explosive mixture or gas. It is alleged that the said drum exploded when a playmate of these two children threw a firecracker in the bunghole igniting the inflammable substance. The negligence of the defendant is based on the allegation that the said drum contained dangerous and explosive substances to the knowledge of the employees of the defendant company, and was placed on the premises of the said plaintiff without her consent or knowledge, and without any warning or advice as to the dangerous character of the contents of said drum.

"The answer avers that the drum which caused the alleged injury was given to one Herman Galloway, the brother of the two children and son of plaintiffs, who at the time was working for the defendant company and asked for the drum in order that he might take it to his home (which was the premises occupied by Mrs. Emma Galloway) and use it for scalding hogs; that plaintiff knew the purpose for which the son asked for and received the barrel and knew the contents thereof; that the remaining paint in the drum had been taken out and used on plaintiffs' residence with their knowledge and consent. In the alternative, defendant pleads contributory negligence on the part of the plaintiffs and the two children in that they knew the contents of the drum and were fully aware of its contents, and that they brought about the accident by their own negligence and want of care; and further that the proximate and immediate cause of the injury was the negligence and act of said plaintiffs, Herman Galloway and the two children who were injured.

"Without reviewing in detail the testimony, it is my opinion that Herman Galloway, a son of plaintiff, staying with his mother at the time and working for defendant company, asked for and received the drum in question. The evidence further shows clearly that the drum was brought to the home of Mrs. Galloway by Bracey, Herman Galloway and one Adams, all of whom were at the time working for the defendant company, with Bracey as foreman. The drum was taken off the truck driven by Bracey and was placed in the yard or on the premises of Mrs. Galloway by Adams and Herman Galloway. I am further clearly convinced by the evidence that the drum was placed there at the request of Herman Galloway who desired to use it for his personal use or that of the family. At the time all three were in the employ of the defendant company, and were using the truck belonging to the defendant company on their way from their work. It is probable from the testimony that Mrs. Galloway did not know that the drum had been placed on her premises by Herman Galloway until sometime the next day. The defendant company had no further interest in or ownership of the drum after it had been given to Herman Galloway and placed on the premises where he was then boarding with his mother. Herman Galloway was a man working for himself and of full age. Therefore, if the defendant is to be held liable for the damage accruing by reason of the explosion of the drum, it must be on the theory that Herman Galloway was in the employ of defendant and placed the drum on his mother's premises without her knowledge and consent. Even though the defendant company could be held liable for the acts of the said Herman Galloway in placing the drum on his mother's premises without her knowledge or consent, while in the employ of defendant, yet the defendant cannot be held liable for the injury following his act for other good and sufficient reasons.

 "It is shown that the drum had been used as a paint container. This paint was not considered dangerous or explosive. There is no evidence to show that a paint drum with a small amount of paint in the bottom is inherently or intrinsically dangerous. It is not to be supposed that a person could reasonably anticipate that firecrackers would be thrown into the drum through the bunghole. In the handling and control of substances that can be made dangerous by unusual and extraordinary uses the person handling such substances is not required to anticipate such unusual and extraordinary uses, and is not liable for damages arising from such unusual and extraordinary uses. A person is not liable for possible consequences arising out of such use, but only those that in the ordinary and usual course may reasonably be presumed to result from such use. Moore v. Jefferson Distilling & Denaturing Co., 169 La. 1156, 126 So. 691. In the instant case, assuming for the sake of argument that the defendant was responsible for placing the drum on the premises of one of the plaintiffs, there is no negligence shown in such act. The contrary would be true if the substance so placed were inherently and intrinsically dangerous, such as was the case of dynamite caps placed in a waste basket which could be exploded by com-

bustion and which formed the basis of facts on which a recovery was had in the recent case of Varnado v. State, 18 La. App. 624, 136 So. 771, decided by this court and affirmed by the Court of Appeals. Likewise the substance left in the restaurant by the employee in the case of Norton v. La. Ice & Utilities, 18 La. App. 564, 135 So. 717, cited by plaintiff, was a bottle of ammonia water, highly volatile, and which the court held was intrinsically dangerous. Another case presenting facts rather similar to those in the present case in some respects is that of Hunt et ux. v. Rundle, 10 La. App. 604, 120 So. 696, where the defendant was held liable for damage resulting to a child under seven years of age who was burned by gasoline taken from a five-gallon can left under the residence of the child's parent by employees of defendant while working on the premises. A quotation from that case not only shows the reason for holding the defendant liable, but also clearly states the law on the point and makes clear the difference of facts in that case from the present case:

" 'It is well recognized that the degree of care to be exercised in storing dangerous articles is commensurate with the dangerous character of the article, and it cannot be said that a commodity, such as gasoline, which is in general use, and which is not inherently dangerous, must be kept with the same degree of care as to the place of storage and persons who are known or should be known to have access to the place, as would be the case as to substances which are recognized as inherently dangerous; however, it must be conceded, that some degree of care is required in storing gasoline, the presence of which is recognized as increasing the danger from fire, and as dangerous in the hands of children, who are not familiar with its properties, and we do not think that the workmen of defendant, in storing the gasoline under plaintiff's residence, where it was easily accessible to children, of whose presence he was aware, can be said to have exercised the slightest degree of care, either with respect to the place which he selected to store the gasoline or with regard to the children, whom he knew had access to the place.' "

"It could not be contended that the small amount of paint remaining in the drum was as dangerous or as easily ignited as the gasoline stored under the plaintiff's residence in the above case, and in such a way as to be easily accessible to the children playing in the vicinity, which danger was patent to the employees leaving the gasoline under the residence.

"Moreover, it is clear that the two minor children of the plaintiff as well as the girl who threw the match in the bunghole of the drum were guilty of the grossest kind of negligence. It is dangerous to throw a firecracker, ignited, into almost any sealed receptacle as the explosion of the firecracker is likely to cause a combustion, as was evidently the case, in a smaller degree, with the tin-cans into which these same children were throwing firecrackers. They were all three above twelve years of age and fully capable of contributory negligence. Vergo v. Shreveport Railways Co., 19 La. App. 647, 139 So. 737; Ainsworth v. Murphy, 5 La. App. 103.

"There being no liability, the suit of the plaintiffs must be dismissed at their cost."

Plaintiffs appeal from the judgment rendered herein rejecting their demand.

Counsel for plaintiffs contends that the district judge has fallen into several errors in the reasons given by him in support of his opinion and judgment.

The district judge in the concluding part of his opinion, above reproduced, held that the two minor children of plaintiffs above twelve years of age were guilty of contributory negligence in causing the combustion which resulted in their injury. As they were over the age of twelve, they could be held responsible for contributory negligence, as was held by the court, but the evidence shows that the match or firecracker which caused the explosion was thrown in the bunghole of the drum by Erlene Rivere, a cousin of plaintiffs' children, who was on a visit at plaintiffs' home. As the facts show that the explosion was caused by the act of Erlene Rivere, the district judge may have fallen into an error in concluding that the two children of the plaintiffs were guilty of contributory negligence.

It is, however, different with every other feature of this case, either of law or fact, passed upon in the opinion of the lower court. We have gone with care over the evidence in this record, and find that the district judge has made a thorough and fair analysis of the facts, and has correctly applied thereto the law which governs the issues presented, and under which, we find, that the demand of the plaintiffs was properly rejected, and independently of the question of contributory negligence.

Judgment affirmed.