In this suit plaintiff seeks to recover damages on behalf of his minor son for injuries sustained by the latter when his right hand was severely burned by having come in contact with a live electric wire of the defendant public utilities company which had broken and was hanging down on a street in the outskirts of the town of Covington. Besides being severely burned and losing the normal use of his hand, plaintiff claims that his son suffered a severe shock to his nervous system, for all of which, as well as for the physical pain and suffering which he endured, he is entitled to recover the sum of $32,000. He accordingly prays for judgment for that amount against the defendant.
The Board of Administrators of the Charity Hospital at New Orleans intervened in the suit and made demand against both the plaintiff and the defendant for $193 for the treatment administered to and the drugs and medicines furnished the young boy while he was a patient there as a result of the accident.
The defense is a denial of the charges of negligence on which the demand is based and, in the alternative, a plea of contributory negligence on the part of the boy which would bar recovery on his behalf.
The district judge, after trial of the case, wrote an opinion in which he held the defendant liable and rendered judgment against it awarding the plaintiff damages in the sum of $5000. Judgment was also rendered in favor of the Board of Administrators of the Charity Hospital in the sum of $193. The defendant appealed and plaintiff has answered the appeal praying that the judgment be amended by increasing the amount of the award in his favor from the sum of Five to Fifteen Thousand Dollars.
There are hardly any disputed facts in the case and since he found them so similar to those in the case of Ledet v. Lockport Power Light Co., 15 La.App. 426, 132 So. 272, with the exception of the difference in the ages of the two boys, the district judge felt bound by the ruling of this court in that case on both the issue of negligence and consequent liability of the defendant and the plea of contributory negligence on the part of the injured boy. In this court counsel for defendant concede that the Ledet case was controlling on the *Page 298 
trial court but they strenuously contend that on the question of contributory negligence as it relates to a boy ten or twelve years of age the decision in that case is in conflict with the established jurisprudence of the Supreme Court of this State. They therefore urge that the Ledet case be overruled and that the plea of contributory negligence in this case be sustained thus barring recovery on behalf of the injured boy.
We have carefully read over the opinion in the Ledet case and have carefully reconsidered the reasons why the injured boy who had been killed was held not to be guilty of contributory negligence in touching a live wire charged with electricity and after doing so we remain convinced that the decision was right both on the facts as found and on the law as we interpreted it. That case was also strongly defended on the point of trespass which is not involved in the present suit and considering also the fact that the injured boy was two years younger and apparently not of the same degree of intelligence as the Ledet boy, the circumstances seem to be all the more favorable to him.
In considering and applying the doctrine of contributory negligence as it relates to children, it is proper, as shown by numerous decisions on the subject, to take into account the peculiar facts and circumstances of each case and especially too, the intelligence and mental capacity of the child involved. It may well be that a boy ten or twelve years old could be said to be guilty of contributory negligence in conducting himself in the face of a rather common danger such as, for instance, the fast approach of an automobile on the highway or a city street, or a train on a railroad track, whereas in his conduct in relation to certain objects he knows nothing about or does not appreciate the dangers involved in coming in contact with them, he should not be held to the same standard of conduct as an adult. That was the underlying reason why the boy in the Ledet case was held free of contributory negligence even though in that case, as in the present, he and a companion spoke of the potential danger that might be lurking in a broken and hanging electric wire, and which is here stressed by counsel as a warning which the injured boy failed to heed. The admonition concerning the danger involved in touching the wire, given by a seven year old child in this case, was not, in our opinion, sufficient to impress upon the other boy, the gravity of the situation. A natural curiosity had been awakened in his youthful mind, and no doubt in that of his little companion also, and although the latter may have been more apprehensive of danger we do not think that the injured boy could have been expected not to touch the wire simply because the other child said not to do so.
Counsel for defendant refer to several cases involving the rule of contributory negligence as it relates to children, citing in particular cases in which some ten and eleven years old were held to come within the rule. Invariably however, we have to recur to the proposition that its application depends upon the intelligence of the child and his power to exercise a certain amount of judgment and also upon the given facts and circumstances surrounding each case. To show that the matter is not limited strictly to a question of age, we might well cite the case of Shally v. N.O.P.S.S. W. Board, 1 La.App. 770, in which the court stated that a boy sixteen years old, although amenable to the rule of contributory negligence, "could not be expected to possess the same degree of prescience, caution and intelligence of an adult, nor could he be judged by the same rigor of law applicable to the latter." The court in that case cited Mitchell v. I.C.R.R. Co., 110 La. 630, 34 So. 714, 98 Am.St.Rep. 472, in which the rule was not applied in relation to a boy twelve years of age. Incidentally, the Mitchell case was one of the authorities cited and relied on in the Ledet case. In the present case the boy who was ten years old was still in the second grade at school which of itself showed that he was backward and that his mind had not yet developed to that of a normal child who at that age ordinarily makes the fourth or fifth grade. We are satisfied therefore that he was correctly held free of contributory negligence by the trial judge and that as far as liability on the part of the defendant is concerned the judgment appealed from is correct.
The boy sustained a serious injury and is no doubt entitled to recover substantial damages. He was severely shocked at the moment of the accident and did not regain consciousness for at least six hours after, during which time he had been transported to the Charity Hospital at New Orleans. The records there reveal that he suffered third degree electrical burns involving *Page 299 
the palmar surface of all the fingers, thumb and palm itself of the right hand and an area of the right forearm. He was admitted to the hospital on June 13, 1942, and administered the usual treatment incident to his injury. On July 22, 1942, it became necessary to perform a rather extensive skin grafting operation, skin for the purpose being obtained from his right thigh. He was discharged to the Out Patient Clinic on August 8, 1942, reporting again on September 14, 1942, when he seems to have been discharged for good. The report on that day indicates that the skin graft had healed but there was some contraction of the fingers.
In addition to the evidence as revealed in these reports, we have the testimony of Dr. F.F. Young, Jr., who was called as a witness for the plaintiff and that of Dr. Dean H. Echols and Dr. Edward Ficklen, both of whom testified for the defendant. They all agree that the child has been left with some impairment in the use of his right hand, differing as to the nature of the impairment and its extent. It strikes us however that under any theory advanced by these experts the impairment has to be attributed to the injury, originally, and there certainly is nothing in the record which indicates that it was produced through the fault of the injured boy or through any lack of co-operation on his part in being treated for it. Taking all the testimony on this point into consideration we would say that he will be left with about a twenty-five per cent permanent disability.
Dr. Young is also of the opinion that his entire nervous system has been very much upset from the shock he sustained, which causes the various symptoms he complains of such as insomnia, fears and anxieties. This condition had improved slightly but he thought it might persist in some form throughout his entire life. Dr. Echols was of the opinion that the boy did not have any organic disease of his nervous system but he would not deny that the symptoms complained of came from the electric shock.
The district judge, after reviewing all the testimony on the question of damages and also taking into consideration the decrease in the purchase price of the American dollar, reached the conclusion that substantial justice would be done by making an award of Five Thousand Dollars. He had the opportunity of observing the boy's condition and was better acquainted with all the circumstances surrounding the case than we are. Believing that he has wisely and judiciously exercised it we yield to his judgment on this question and will neither increase nor decrease the award which he has made.
Judgment affirmed at the costs of the defendant, appellant herein.