**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,**

v.

**Randle DAVIS, for the Use and Benefit of Rita Vone Davis, Appellee.**

**No. 17190.**

United States Court of Appeals
Fifth Circuit.

May 5, 1959.

Rehearing Denied June 10, 1959.

Numa V. Bertel, Jr., Hammett & Bertel, New Orleans, La., for appellant.

L. V. Cooley, Jr., Slidell, La., David E. Cooley, Baton Rouge, La., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

Two questions are presented by this appeal from a judgment for plaintiffs entered upon a jury verdict: first, whether there was sufficient evidence to support the verdict; and, second, whether the district court erred in charging the jury with respect to the claimed contributory negligence of a 12½ year old girl. Since we have concluded with the appellant on the second question, and the evidence may not be the same on another trial,[1] we forego any discussion of the first question further than is necessary to describe the issues.

The Moyers' car, insured by the appellant, struck and severely injured Rita Vone Davis, then 12½ years of age and in the sixth grade at school. On the Davis story, the accident resulted from the Moyers' car swerving into the left lane of the road so far that it struck Rita Vone while she was standing either on the shoulder or on the first foot or so of the pavement on that side. The Moyers' version was that Rita Vone suddenly darted out into the highway from behind the Davis car in an effort to run across the highway, and that emergency efforts to stop Moyers' car, immediately taken, were unsuccessful.[2]

---

1. For example, it appears that some witnesses who observed the skid marks left by the Moyers' car were not produced, and that a photograph of those skid marks, or so claimed, was not, but might possibly be, properly identified.

2. The issues were well described in the district court's charge to the jury:
"This brings us directly to a consideration of the issues which this case presents. This is a very simple case. The case is brought by the father of the child, Rita Davis, in behalf of the child. The Plaintiff's case is to the effect that while this child was standing behind or in the vicinity, rather, of her father's car, the car driven by Moyers came over on the wrong side of the highway and hit this child, and as a result of this accident, this child suffered the injuries about which there has been no particular controversy, the injury to the leg and the succeeding sequelae of that injury.
"The defense in the case is that this child, without notice, ran across the road, and that the driver of the Moyers' car was not able to avoid or miss the child.
"In the alternative, the Defendant says that even if there is some negligence on the part of the driver of the Moyers' car, then there is also negligence on the part of the child Rita Davis, and since, under the law, contributory negligence is a bar to recovery in a case of this kind, there can be no recovery in behalf of the Davis child."

After stating the issues in the manner just quoted in footnote 2, the district court further charged the jury:

"In determining this question of contributory negligence, you must consider the age of the child, the circumstance of the case, and whether or not a child of that age reasonably would act in the way that you find she actually did act."

To that instruction the defendant, appellant here, objected as follows:

"If your Honor please, the Defendant excepts to that portion of the Court's Charge which required the Jury to make a decision as to whether or not the child may be held capable of contributory negligence, our position being that under the law of Louisiana a child of twelve legally is conclusively presumed to be capable of contributory negligence, and the Jury should not be required to decide that issue."

The court overruled the objection.

"This question of contributory negligence" to which the charge referred was necessarily the contributory negligence which the evidence tended to establish, namely, that Rita Vone ran across the highway without looking for approaching traffic. The accident occurred on the highway between Slidell, Louisiana, and New Orleans, shortly after 5:00 p. m. on June 13, 1956, in the daytime. It had rained hard and, while the rain had just ceased, there were still rivulets across the highway and it was wet and slippery. Judy Hopkins, Rita Vone's little friend, slightly younger than Rita, had also alighted from the Davis car and was waiting to go to her home across the highway, but Judy saw the approaching Moyers car. Rita's mother and father both saw it. Rita Vone testified that she saw some cars for which she waited, but that she did not see the Moyers car.[3]

At the request of the defendant, the district court instructed the jury "that under the law of Louisiana, a pedestrian crossing a highway is bound in law to have seen that which by the exercise of ordinary care he should have seen." The plaintiff made no objection, and apparently thought that instruction embodied a settled rule of law.[4]

Further, at the request of the defendant, the district court instructed the jury "that it is negligent for a pedestrian to cross the highway without looking in both directions for oncoming traffic." Again the plaintiff made no objection, and apparently thought that instruction also embodied a settled rule of law. As was said in Martin v. American Heating & Plumbing Co., La. App. Orleans, 1951, 52 So.2d 93, 97:

"Our jurisprudence is well settled to the effect that where a pedestrian of normal intelligence and possessing normal senses of sight and hearing suddenly appears from behind a parked vehicle and enters the roadway, without looking to see if any traffic is coming, he is guilty of negligence. Perret v. Geraci, su-

---

3. "Q. You had to wait for the traffic to get by? A. Yes, sir.
"Q. There were other cars on the highway? A. Yes, sir.
"Q. And you were looking? A. Yes, sir.
"Q. And you looked to your right? A. Yes, sir.
"Q. And you saw cars coming? A. Yes, sir.
"Q. Did you see the Moyers' car? A. No, sir.
"Q. But you saw some car coming? A. Yes, sir.
"Q. Could one of these cars have been the Moyers' car? A. I don't know.

"Q. In other words, you saw some cars coming, but you don't know whether one of them was the Moyers' car? A. I don't know. I didn't know them people.
"Q. Did you ever see the Moyers' car at all? A. No, sir.
"Q. But you were looking? A. Yes, sir."

4. See Jackson v. Cook, 1938, 189 La. 860, 181 So. 195, 197; Epps v. Standard Supply & Hardware Co., La.App., Orleans, 1941, 4 So.2d 790, 791; see also, Peters v. Southern Ry. Co., 1903, 135 Ala. 533, 33 So. 332, 334, 335.

pra [15 La.App. 329, 131 So. 72];
Williams v. Lykes Bros. S. S. Co.,
12 La.App. 127, 125 So. 153;
Bailey v. Reggie, La.App., 22 So.2d
698."⁵

■ It was said of a girl eleven
years and nine months of age in Hargus
v. New Orleans Public Service, 1928,
9 La.App. 117, 118 So. 847, 851: "The
car was coming in open view to her sister
and to all the other witnesses. To at-
tempt to cross in front of it was the
height of imprudence on her part." A
number of other Louisiana cases have
denied liability where a child darted
into the street from a place of safety.⁶
Those cases certainly hold, as a matter
of law, that a normal child of the age of
Rita Vone is *capable* of contributory
negligence.

"* * * The injured child in
this case was 11 years and 9 months
of age, 'intelligent, robust, stout,
and very bright.' Such a child is
capable of fault or negligence."
Hargus v. New Orleans Public
Service, supra, 118 So. at page 851.

"* * * He was twelve years
of age and there is nothing to show
that he was not of sufficient in-
telligence to render it proper to say
that, as a matter of law, he could be
guilty of contributory negligence."

Fontenot v. Freudenstein, La.App.
1941, 199 So. 677, 678, 679.

"In other words, it appears to us
reasonable to assume that a child
of twelve years or more, of normal
intelligence, is capable of being held
answerable to the charge of con-
tributory negligence. The lack of
intelligence, or of any other normal
quality, is a matter of proof and
as such the burden for its establish-
ment must rest upon the party
seeking to negate the application of
the rule of contributory negligence."
Jenkins v. Firemen's Insurance Co.
of Newark, N. J., La.App. 2 Cir.
1955, 83 So.2d 494, 501.

There are many other cases holding that
normal children of the age of Rita Vone,
and even younger, are *capable* of con-
tributory negligence.⁷ On the other
hand, the Louisiana courts have held
that children under the age of seven
years cannot be guilty of contributory
negligence.⁸

The Louisiana cases recognize the
necessity of distinguishing between the
*capacity* of a minor to be guilty of con-
tributory negligence at all and the
*standard of care* required of the minor.
Louisiana, in effect, follows the analysis
recommended in an excellent annotation
in 174 A.L.R. 1080, 1083, on "Con-
tributory Negligence of Children,"

---

5. See also, Wall v. Great American In-
demnity Co., La.App. 2 Cir., 1950, 46
So.2d 655, 659; Bagala v. Kimble, 1954,
225 La. 943, 74 So.2d 172, 178; Mont-
gomery v. Louisiana Power & Light Com-
pany, La.App. 2 Cir., 1955, 84 So.2d
268, 271.

6. See Vergo v. Shreveport Rys. Co., 2
Cir., 1932, 19 La.App. 647, 139 So. 737,
738 (a child in his eleventh year); Font-
enot v. Freudenstein, La.App.1941, 199
So. 677, 678, 679 (a child twelve years
of age); Jenkins v. Firemen's Insur-
ance Co. of Newark, N. J., La.App., 2
Cir., 1955, 83 So.2d 494, 501 (a child
twelve years of age).

7. See Jackson v. Jones, 1953, 224 La.
403, 69 So.2d 729, 733; Arata v. Or-
leans Capitol Stores, 1951, 219 La. 1045,
55 So.2d 239, 243; Delahoussaye v. City
of New Iberia, La.App., 1 Cir., 1947, 33

So.2d 75, 78, 79; same case on rehear-
ing, La.App., 1948, 35 So.2d 477, 479;
Cook v. Louisiana Public Utilities Co.,
La.App., 1 Cir., 1944, 19 So.2d 297, 298;
Douga v. Ancona Baking Co., La.App.
Orleans 1940, 193 So. 271, 273; Rodri-
guez v. Abadie, La.App. Orleans 1936,
168 So. 515, 517.

8. Hudson v. Buyers, La.App., 2 Cir., 1954,
73 So.2d 596; Rainwater v. Boatright,
La.App., 2 Cir., 1952, 61 So.2d 212;
Bodin v. Texas Co., La.App., 1 Cir., 1939,
186 So. 390, 392; Borman v. Lafargue,
La.App., 1 Cir., 1938, 183 So. 548,
552; Shill v. New Orleans Public Serv-
ice, La.App. Orleans 1937, 175 So. 113,
114; Dipino v. Joe Gulino & Son, La.App.
Orleans 1934, 154 So. 772; Bridwell v.
Butler, 1932, 18 La.App. 675, 139 So.
51, 53.

"Basically, the present subject is divisible into three main parts, namely: (1) whether a child of a given age is chargeable at all with contributory negligence, (2) the bare question of capability being affirmatively established, the determination of the proper standard of care, and (3) whether a child capable of contributory negligence has complied with the particular standard of care with which he is specifically charged. Failure to recognize these divisible parts of the subject renders difficult any proper understanding of the rules established and followed in various jurisdictions."[9]

■ Once it has been established that a child is capable of contributory negligence, the Louisiana cases recognize that such negligence is not necessarily measured by the same standard as that applicable to an adult, but "that the negligence of a child must be judged in accordance with his experience, age, understanding, development, intelligence and capacity." Jenkins v. Firemen's Insurance Co. of Newark, N. J., supra, 83 So.2d at p. 501.[10] In Cook v. Louisiana Public Utilities Co., La.App. 1 Cir. 1944, 19 So.2d 297, 298, it was said:

"In considering and applying the doctrine of contributory negligence as it relates to children, it is proper, as shown by numerous decisions on the subject, to take into account the peculiar facts and circumstances of each case and especially too, the intelligence and mental capacity of the child involved. It may well be that a boy ten or twelve years old could be said to be guilty of contributory negligence in conducting himself in the face of a rather common danger such as, for instance, the fast approach of an automobile on the highway or a city street, or a train on a railroad track, whereas in his conduct in relation to certain objects he knows nothing about or does not appreciate the dangers involved in coming in contact with them, he should not be held to the same standard of conduct as an adult. * * * "

The authorities generally recognize the principle that, "As to the child plaintiff * * *, the caution required is determined according to the maturity and capacity of the plaintiff under the particular circumstances of the case." 38 Am. Jur., Negligence, Sec. 204, p. 885.[11]

In Louisiana, appellate courts have the right and duty to review both the law and the facts in all civil cases. Louisiana Constitution of 1921, Art. 7, Sec. 10, L.S.A. "As a consequence of that situation, in civil jury cases federal courts evaluating decisions of Louisiana state courts as precedents have the difficult task of separating the decisions of the Louisiana courts on the law from their review of the facts." Wright v. Paramount-Richards Theatres, 5 Cir., 1952, 198 F.2d 303, 306.

It is entirely clear, as we have said, that Hargus v. New Orleans Public Service Co., supra, and the cases cited in footnote, 7 supra, have settled, *as a matter of law*, that a normal child of the age of Rita Vone is *capable* of contributory negligence. Those cases denied liability to children who undertook to cross a street or highway without looking for traffic. Whether they established that such conduct is negligence on the part of a normal child at that age as a mat-

9. See also, A.L.I., Restatement of Torts, Sec. 283, Comment (e); 38 Am.Jur., Negligence, Sec. 204; 65 C.J.S. Negligence §§ 144, 145, 146; compare Prosser on Torts, 2d ed., Sec. 31, pp. 127–129.

10. See also, Westerfield v. Levis, 1891, 43 La.Ann. 63, 9 So. 25, 56; Kahn v. Shreve-port Ry., La.App.1935, 161 So. 636, 638; Marquette v. Cangelosi, La.App.1933, 148 So. 88.

11. See also, A.L.I., Restatement of Torts, Sec. 464(2), Sec. 283 comment (e); Prosser on Torts, 2nd ed., Sec. 31, p. 128; Annotations 107 A.L.R. 7, and 174 A.L.R. 1080; 65 C.J.S. Neligence § 146.

ter of law in all cases, or simply as a matter of fact under the circumstances of the particular case, may well be debated. If we could decide that question authoritatively, it would be well for us to do so for the guidance of the district court upon another trial. Any decision we might make, however, could be upset by a later opinion and decision in some other case of the Supreme Court of Louisiana. While perhaps advisable, a decision of that question is not necessary for the disposition of the present appeal, and we forego the making of any such decision.

■ Under different circumstances the charge on contributory negligence to which the defendant objected might be understood by the jurors simply to direct them to consider the age of the child in deciding whether she was negligent, that is, to apply a standard of care reasonably to be expected of a child of that age. When, however, the charge is considered in the factual setting of the acts claimed to be contributorily negligent and is read in connection with the other instructions to the jury, particularly the two instructions which have been quoted, the jurors may well have understood that it left them at liberty to decide that, solely because of her age, this 12½ year old girl was incapable of contributory negligence of the kind with which she was charged. "The test for the correctness of an instruction does not lie in the indulgence which a lawyer in his office with the aid of his books, or the trial and appellate courts with the benefit of briefs and arguments of counsel, give to instructions, but as to how the instructions will naturally be understood by the average men com-

posing juries." 88 C.J.S. Trial § 338, pp. 894, 895.

■ The ambiguously misleading tendency of the charge was not corrected by the Court even after the defendant had pointed it out by obecting that the charge "required the jury to make a decision as to whether or not the child may be held capable of contributory negligence, and the jury should not be required to decide that issue." Where, as here, the case is close on the facts, especial care must be taken to make the instructions accurate, and, where prejudice probably results, as we think likely here, the judgment will be reversed for the giving of an incomplete, ambiguous, or misleading instruction. See 5A C.J.S. Appeal & Error § 1763 (2), pp. 1195, 1196. This case, like any case involving the contributory negligence of a child, presented the questions of (1) the *capacity* of Rita Vone Davis to be contributorily negligent, and (2) the substantive *standard of care* to be applied to her conduct. In this case, in the light of the law, it was essential that the jury be clearly instructed that as to (1), Rita Vone Davis was *capable* of contributory negligence, and that this matter was not open to them, but that when they came to consider the matter of (2), the *standard of care* to be applied to her conduct, her age was one of the factors which was relevant and had to be considered by them in accordance with the law discussed at and contained in notes 10 and 11, supra. Under all of the facts and circumstances of this case, we hold that the giving of this charge on contributory negligence was reversible error.

Reversed and remanded.